## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BAILEY,<br><br>      Plaintiff,<br><br>      v.<br><br>T. COX, et al.,<br><br>      Defendants. | Case No. 1:22-cv-00757-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF RETALIATION CLAIM<br><br>(ECF No. 1) |

Plaintiff Timothy Bailey is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's complaint, filed June 22, 2022.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court  must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1    A complaint must contain "a short and plain statement of the claim showing that the
2  pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4  conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
5  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
6  that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v.
7  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

8    Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings
9  liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d
10 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
11 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
12 that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss
13 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
14 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
15 liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572
16 F.3d at 969.

17                                    **II.**
18                         **COMPLAINT ALLEGATIONS**

19    The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of
20 the *sua sponte* screening requirement under 28 U.S.C. § 1915.

21    On April 13, 2021, at approximately 8:30 a.m., Plaintiff was physically and sexually
22 assaulted by six correctional officers at the United States Penitentiary, Atwater, while he was in
23 restraints.  The assault started when officer Hernedez and T. Cox slammed Plaintiff to the ground
24 for no reason.  Then Plaintiff was taken to a holding cell where the assault continued after officer
25 Mejia entered and banged his head against the wall while he was still restrained.  Plaintiff was
26 then taken to another holding cell where he was beaten and sexually assaulted by all six officers-
27 Hernedez, Cox, Zaragosa, Rumnos, Jr., Gunn, and Mejia.  The assaulted last over two minutes
28 while he was still in restraints.  Plaintiff was kicked and punched in the head and body areas by

Zaragoza, Cox, Runmos, Jr., Gunn. Hernedez and Mejia. Officer Mejia squeezed Plaintiff's genitals while saying "how does hit fell nigger."

Staff retaliated against Plaintiff for filing complaints. Plaintiff's life and safety was threatened numerous times, and he was harassed daily. Plaintiff food was tampered and mail was tampered with, and he was kept in a dry cell for ninety days without proper sanitation.

## III.

## DISCUSSION

Not all constitutional cases against federal officers for damages may proceed as <u>Bivens</u> claims. There is a two-part test to determine whether a <u>Bivens</u> action may proceed. <u>Ziglar v. Abbasi</u>, 137 S.Ct. 1843, 1859-60 (2017). A court must first consider whether the claim presents a new context from the three cases the Supreme Court has allowed to proceed under <u>Bivens</u>; <u>Davis v. Passman</u>, 442 U.S. 228 (1979); and <u>Carlson v. Green</u>, 446 U.S. 14 (1980). If the answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding <u>Bivens</u> to the action. <u>Abbasi</u>, 137 S. Ct. at 1857, 1875.

The Ninth Circuit has summarized those special factors as follows:

> the rank of the officer involved; whether <u>Bivens</u> is being used as a vehicle to alter an entity's policy; the burden on the government if such claims are recognized; whether litigation would reveal sensitive information; whether Congress has indicated that it does not wish to provide a remedy; whether there are alternate avenues of relief available; and whether there is adequate deterrence absent a damages remedy, among other factors. But the most important question for us to examine is whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III.

<u>Lanuza v. Love</u>, 899 F.3d 1019, 1028 (9th Cir. 2018) (alterations, citations, and internal quotation marks omitted).

///

///

### A. Excessive Force/Sexual Assault

The Eighth Amendment protects inmates from inhumane methods of punishment and conditions of confinement. See Farmer v. Brennan, 511 U.S. 825 (1994); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the Court looks to the "extent of injury suffered by an inmate..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " Id. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

Sexual harassment or abuse of an inmate by a prison official is a violation of the Eighth Amendment. Wood v. Beauclair, 692 F.3d 1041, 1046, 1051 (9th Cir. 2012) (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In evaluating such a claim, "courts consider whether 'the official act[ed] with a sufficiently culpable state of mind' "—the subjective component—"and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"—the objective component. Wood, 692 F.3d at 1046 (alteration in original) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

4

As "sexual assault serves no valid penological purpose ... where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020) (citing Wood, 692 F.3d at 1050; Schwenk, 204 F.3d at 1196 n.6). "Any sexual assault is objectively 'repugnant to the conscience of mankind' and therefore not *de minimis* for Eighth Amendment purposes." Bearchild, 947 F.3d at 1144 (quoting Hudson, 503 U.S. at 10).

In sum, a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner.  Bearchild, 947 F.3d at 1144.

Based on the finding of several other courts, including the Ninth Circuit Court of Appeal, the Court holds that Plaintiff sufficiently alleges a colorable claim for excessive force and sexual assault under Bivens to proceed past screening.  See Reid v. United States, 825 F. App'x 442, 444-45 (9th Cir. 2020) ("Reid's Eighth Amendment claims do not present a new Bivens context. In Carlson, the Supreme Court recognized an Eighth Amendment Bivens claim based on prisoner mistreatment. A claim for damages based on individualized mistreatment by rank-and-file federal officers is exactly what Bivens was meant to address. Continuing to recognize Eighth Amendment Bivens claims post-Abbasi will not require courts to plow new ground because there is extensive case law establishing conditions of confinement claims and the standard for circumstances that constitute cruel and unusual punishment.") (citations omitted); see also Burnam v. Smith, 787 F. App'x 387, 390 (9th Cir. 2019) (plaintiff had clearly established Eighth Amendment right to be free from sexual abuse and an implied cause of action exists to vindicate such right through monetary damages); Smith v. Trujillo, No. 20-cv-00877-RJB-NYW, 2021 WL 1799400, at *3-7 (D. Colo. Mar. 26, 2021) (Bivens remedy available for an Eighth Amendment excessive force claim); Williams v. Baker, 487 F. Supp. 3d 918, 922-930 (E.D. Cal.

2020) (same); Sutter v. United States, No. CV 17-07245-SVW (DFM), 2019 WL 1841905, at *7 (C.D. Cal. Mar. 12, 2019) (same); Moneyham v. United States, No. EDCV 17-329-VBF (KK), 2018 WL 3814586, at *3-5 (C.D. Cal. May 31, 2018) (same); Jerra v. United States, No. 2:12-cv-01907-ODW (AGRx), 2018 WL 1605563, at *3-6 (C.D. Cal. Mar. 29, 2018); McLean v. Gutierrez, No. ED CV 15-275 RGK (SP), 2017 WL 6887309, at *17-19 (C.D. Cal. Sep. 28, 2017); but see Graham v. Franco, 2021 WL 2690877, at *2 (C.D. Cal. May 21, 2021) ("The Ninth Circuit has held that allegations of sexual assault and touching against a federal employee 'do not rise to the level of constitutional violations' under Bivens.") (quoting Arnold v. United States, 816 F.2d 1306, 1310-11 (9th Cir. 1987)), report and recommendation adopted, 2021 WL 2685629 (C.D. Cal. June 29, 2021); Harrison v. Nash, No. 3:20-cv-374-DPJ-FKB, 2021 WL 20055489, at *2-3 (S.D. Miss. Apr. 26, 2021) (holding no Bivens remedy for an Eighth Amendment excessive force claim); Abdo v. Balsick, No. 18cv-01622-KMT, 2019 WL 6726230, at *5-8 (D. Colo. Dec. 11, 2019) (same); Taylor v. Lockett, No. 5:17-cv-00023-Oc-02PRL, 2019 WL 764023, at *6-8 (M.D. Fla. Feb. 21, 2019) (same); Hunt v. Matevoussian, 336 F. Supp. 3d 1159, 1168-70 (E.D. Cal. 2018) (same). Although the Court will allow Plaintiff's claims to proceed, it does not preclude the parties from raising this issue with full briefing later in the case. Accordingly, Plaintiff states a cognizable excessive force claim against Defendants Zaragoza, Cox, Runmos, Jr., Gunn. Hernedez and Mejia, and sexual assault claim against Defendant Mejia.

**B.     Retaliation**

The Supreme Court has never recognized a Bivens remedy under the First Amendment and the Ninth Circuit has also refused to extend a Bivens remedy to a claim under the First Amendment. Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) (citing Iqbal, 556 U.S. at 675; Bush v. Lucas, 462 U.S. 367, 368 (1983)); see also Baptiste v. Zunkeir, No. 5:19-cv-00025-VBF-JDE, 2019 WL 4543113, at *4-5 (C.D. Cal. Apr. 1, 2019) (declining to find an implied Bivens cause of action for a First Amendment retaliation claim). As with Plaintiff's denial of access to counsel claim, the Court finds that the "special factors" analysis counsels against extending Bivens into this area. Plaintiff has available to him, and indeed has availed himself of, the BOP's grievance process in an effort to resolve the claims raised in the FAC. The

Court declines to extend a Bivens cause of action to Plaintiff's First Amendment retaliation claim. See Buenrostro v. Fajardo, 770 F. App'x 807, 808 (9th Cir. 2019) (declining to extend Bivens cause of action for First Amendment retaliation claim); Lee v. Matevousian, 1:18-cv-00169-GSA-PC, 2018 WL 5603593, at *4 (E.D. Cal. Oct. 26, 2018) (declining to find implied Bivens cause of action for First Amendment retaliation and denial of access to court claims).

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's excessive force claim against Defendants Zaragoza, Cox, Runmos, Jr., Gunn. Hernedez and Mejia, and sexual assault claim against Defendant Mejia; and

2. Plaintiff's retaliation claim be dismissed from the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 14, 2022**

_____
UNITED STATES MAGISTRATE JUDGE