**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY BAILEY,<br><br>       Plaintiff,<br><br>       v.<br><br>T. COX, et al.,<br><br>       Defendants. | Case No.: 1:22-cv-0757 JLT SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DISMISSING RETALIATION CLAIM<br><br>(Doc. 9) |

On September 14, 2022, the assigned magistrate judge reviewed his allegations and determined Plaintiff stated cognizable claims for excessive force and sexual assault. (Doc. 9 at 4-6.) However, the magistrate judge determined Plaintiff failed to state a claim for retaliation. (*Id.* at 6-7.) In so finding, the magistrate judge observed, "The Supreme Court has never recognized a Bivens remedy under the First Amendment and the Ninth Circuit has also refused to extend a Bivens remedy to a claim under the First Amendment." (Doc. 9 at 6, citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012); *Baptiste v. Zunkeir*, 2019 WL 4543113, at *4-5 (C.D. Cal. Apr. 1, 2019).) The magistrate judge indicated the Court should "decline[] to extend a Bivens cause of action to Plaintiff's First Amendment retaliation claim. (*Id.* at 7, citing, *e.g.*, *Buenrostro v. Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019) [declining to extend Bivens cause of action for First Amendment retaliation claim]; *Lee v. Matevousian*, 12018 WL 5603593, at *4 (E.D. Cal. Oct. 26, 2018) [declining to find implied Bivens cause of action for First Amendment retaliation and denial of access to court claims].) Therefore, the

1

magistrate judge recommended "[t]his action proceed on Plaintiff's excessive force claim against Defendants Zaragoza, Cox, Runmos, Jr., Gunn. Hernedez and Mejia, and sexual assault claim against Defendant Mejia; and Plaintiff's retaliation claim be dismissed from the action." (Doc. 9 at 7.)

Plaintiff filed objections on October 4, 2022, in which he "contends that he never made a First Amendment claim under retaliation clause." (Doc. 10 at 1.) On the other hand, Plaintiff also asserts that he properly "raised [a] retaliation claim." (*Id.*) He argues that "[h]e was physically and sexually assaulted," after which he was "retaliated against… by tampering with his food, mail[,] daily harassment, and other forms of inhumane treatment due to plaintiff filing complaints… regarding the physical and sexual assault." (*Id.* at 2.)

The First Amendment prohibits prison officials from retaliating against prisoners for exercising their First Amendment rights. *See Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). Although Plaintiff reiterates his allegations related to retaliation, Plaintiff does not address the observation of the magistrate judge that the Supreme Court has not recognized a *Bivens* remedy for First Amendment claims. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims"); *Luis Buenrostro v. Fajardo*, 770 F. App'x 807, 808 (9th Cir. 2019) (special factors counsel against extending *Bivens* to prisoner's First Amendment claim because "an alternative remedial structure exists, including through the Bureau of Prisons administrative grievance process"). Consequently, Plaintiff is unable to proceed with a claim for retaliation in this action. *See Manisela v. Prescott*, 2022 WL 1051081, at *4 (C.D. Cal. Mar. 7, 2022) (district courts "uniformly declined to imply a *Bivens* remedy for First Amendment retaliation claims by federal prisoners").

According to 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court conducted a de novo review. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 14, 2022 (Doc. 9), are **ADOPTED** in full.
2. Plaintiff's retaliation claim is **DISMISSED** without prejudice.

3. This action shall proceed on Plaintiff's excessive force claim against defendants Zaragoza, Cox, Runmos, Jr., Gunn, Hernedez, and Mejia, and the sexual assault claim against defendant Mejia;

4. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **October 26, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE