1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 TIMOTHY BAILEY, | Case No. 1:22-cv-00757-JLT-SAB (PC) |
| 11          Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, |
| 12     v. | WITHOUT PREJUDICE |
| 13 T. COX, et al., | (ECF No. 27) |
| 14          Defendants. | |

15

16      Plaintiff Timothy Bailey is proceeding pro se and in forma pauperis in this civil rights

17 action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

18 403 U.S. 388 (1971).

19      Currently before the Court is Plaintiff's motion for appointment of counsel, filed April

20 18, 2023.  Plaintiff seeks appointment of counsel because he is unable to afford counsel, his

21 imprisonment will limit his ability to litigate, and a trial will likely involve conflicting

22 testimony and counsel would be better able to cross examine witnesses.

23      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

24 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

25 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court

26 for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

27 circumstances the court may request the voluntary assistance of counsel pursuant to section

28 1915(e)(1).  Rand, 113 F.3d at 1525.

1   Without a reasonable method of securing and compensating counsel, the court will seek

2 volunteer counsel only in the most serious and exceptional cases.   In determining whether

3 "exceptional circumstances exist, the district court must evaluate both the likelihood of success

4 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

5 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

6   In the present case, the Court does not find the required exceptional circumstances.

7 Even if it assumed that Plaintiff is not well versed in the law and that he has made serious

8 allegations which, if proved, would entitle him to relief, his case is not exceptional.   The Court

9 is faced with similar cases almost daily.   While the Court recognizes that Plaintiff is at a

10 disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff

11 would benefit from the appointment of counsel.   See Wilborn v. Escalderon, 789 F.2d 1328,

12 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a

13 pro se litigant will seldom be in a position to investigate easily the facts necessary to support the

14 case.")   The test is whether exception circumstances exist and here, they do not.   The record

15 demonstrates that Plaintiff is able to adequately litigate this action, and circumstances common

16 to most prisoners, such as lack of legal education and indigency, do not establish exceptional

17 circumstances that would warrant a request for voluntary assistance of counsel.   Accordingly,

18 Plaintiff's motion for the appointment of counsel is denied, without prejudice.

19

20 IT IS SO ORDERED.

21 Dated:  **April 19, 2023**                   

22            UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28