# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BAILEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. COX, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00757-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, WITHOUT PREJUDICE<br><br>(ECF No. 34) |

　　　　Plaintiff Timothy Bailey is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

　　　　Currently before the Court is Plaintiff's motion to amend, filed May 9, 2023. Plaintiff seeks to amend the complaint to allege his prayer for relief. (ECF No. 34.) Defendants have not yet filed an answer to the complaint. Accordingly, the motion is deemed submitted. Local Rule 230(l).

　　　　Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

　　　　However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is

futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  While it is procedurally improper for Plaintiff to file a motion to amend without including a proposed amended complaint, this procedural defect is easily cured and is not a sufficient reason to deny leave to amend that should be "freely given when justice so requires." See AmerisourceBergen Corp., 465 F.3d at 951. The Court finds it appropriate to deny the motion without prejudice and permit Plaintiff to cure the procedural defect by re-filing his motion and including a proposed amended complaint that is "complete in itself without reference to the prior or superseded pleading," as required by Local Rule 220.  Plaintiff shall only amend complaint as to his prayer for relief.  Plaintiff is advised that the amended complaint may only include a restatement of Plaintiff's excessive force allegations against Defendants Zaragoza, Cox, Runmos, Jr., Gunn, Mendez, and Mejia, sexual assault claim against Defendant Mejia, and an amended prayer for relief.  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint is denied, without prejudice; and

2. The Clerk of Court shall send Plaintiff a blank amended civil rights complaint form.

IT IS SO ORDERED.

Dated:   **May 11, 2023**

UNITED STATES MAGISTRATE JUDGE