UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BAILEY,<br><br>            Plaintiff,<br><br>      v.<br><br>T. COX, et al.,<br><br>            Defendants. | No. 1:22-cv-00757-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED, AND PLAINTIFF'S MOTION TO AMEND BE DENIED<br><br>(ECF Nos. 36, ) |

Plaintiff Timothy Bailey is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Currently before the Court is Defendants' motion to dismiss, filed May 25, 2023.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's excessive force claim against defendants Zaragoza, Cox, Ramos Jr. (incorrectly identified by Plaintiff as Rumnos), Gunn, Mendez, and Mejia, and the sexual assault claim against defendant Mejia.

On May 25, 2023, Defendants filed a motion to dismiss the action. (ECF No. 36.) Plaintiff filed an opposition on September 13, 2023, and Defendants filed a reply on September 22, 2023. (ECF Nos. 45, 46.) Accordingly, Defendants' motion is deemed submitted without

1

oral argument.  Local Rule 230(l).

On October 10, 2023, Plaintiff filed a motion to amend the complaint.  (ECF No. 47.) Defendants filed an opposition on October 18, 2023.  (ECF No. 48.)  Although the time to file a reply has not expired, the Court deems a reply unnecessary to resolve Plaintiff's motion.

## II.

## DISCUSSION

### A.   Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B.   Allegations of Complaint

On April 13, 2021, at approximately 8:30 a.m., Plaintiff was physically and sexually assaulted by six correctional officers at the United States Penitentiary, Atwater, while he was in

restraints. The assault started when officer Mendez and T. Cox slammed Plaintiff to the ground for no reason. Then Plaintiff was taken to a holding cell where the assault continued after officer Mejia entered and banged his head against the wall while he was still restrained. Plaintiff was then taken to another holding cell where he was beaten and sexually assaulted by all six officers-Mendez, Cox, Zaragoza, Ramos, Jr., Gunn, and Mejia. The assaulted last over two minutes while he was still in restraints. Plaintiff was kicked and punched in the head and body areas by Zaragoza, Cox, Ramos, Jr., Gunn., Mendez, and Mejia. Officer Mejia squeezed Plaintiff's genitals while saying "how does hit fell nigger."

### C. Defendants' Motion to Dismiss

Defendants move to dismiss the action because the United States Supreme Court decision in Egbert v. Boule, 142 S.Ct. 1793 (2022), precludes recognizing a Bivens remedy in this case, Plaintiff's claims present a new Bivens context, and special factors preclude creating a new Bivens cause of action.

Plaintiff argues that he has no plain, adequate, or complete remedy at law to redress the wrongs by Defendants and he is proceeding under the Federal Torts Claims Act (FTCA).

#### 1. Bivens Actions Following Ziglar v. Abbasi

Not all constitutional cases against federal officers for damages may proceed as Bivens claims. There is a two-part test to determine whether a Bivens action may proceed. Ziglar v. Abbasi, 582 U.S. 138-139 (2017). To determine whether a Bivens claim is cognizable, a court first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." Egbert v. Boule, 142 S. Ct. 1793, 1803 (2022) (quoting Ziglar v. Abbasi, 582 U.S. at 139). That is, the Court must determine whether the claim presents a new context from the three cases the Supreme Court has allowed to proceed under Bivens: Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). If the answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens to the action. Ziglar, 582 U.S. at 136.

The Ninth Circuit has summarized those special factors as follows:

> the rank of the officer involved; whether Bivens is being used as a vehicle to alter an entity's policy; the burden on the government if such claims are recognized; whether litigation would reveal sensitive information; whether Congress has indicated that it does not wish to provide a remedy; whether there are alternate avenues of relief available; and whether there is adequate deterrence absent a damages remedy, among other factors. But the most important question for us to examine is whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy the courts must refrain from creating the remedy in order to respect the role of Congress in determining the nature and extent of federal-court jurisdiction under Article III.

Lanuza v. Love, 899 F.3d 1019, 1028 (9th Cir. 2018) (alterations, citations, and internal quotation marks omitted).

    **a.    Plaintiff's Claims Present a New Bivens Context**

To date, the Supreme Court has only recognized a Bivens remedy in the context of the Fourth, Fifth, and Eighth Amendments. See Bivens, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); Carlson v. Green, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the Bivens remedy is now a disfavored judicial activity," and has "consistently refused to extend Bivens to any new context or new category of defendants. Ziglar, 582 U.S. at 135 (citations omitted); see also Egbert, 142 S. Ct. at 1803 (The Court reiterated that "recognizing a cause of action under Bivens is 'a disfavored judicial activity.'").

Plaintiff's complaints in this action are meaningfully different from the prior three cases. Indeed, two of the prior two cases involved different constitutional provisions, i.e. the Fourth Amendment (Bivens) and the Fifth Amendment (Davis). Although Carlson involved an Eighth Amendment claim, "[a] claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized. Hernandez v. Mesa, 140 S.Ct. 735, 743 (2020).

///

In Carlson, the Supreme Court found that there was an available Bivens remedy for a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment. 446 U.S. 14. Although Carlson created a Bivens remedy for certain Eighth Amendment violations, Carlson did not create a blanket rule for all Eighth Amendment claims brought under Bivens. See Martinez v. Bureau of Prisons, 830 F. App'x 234, 235 (9th Cir. 2020); see also Hernandez, 140 S. Ct. at 743 ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."). The Supreme Court has declined to extend an Eighth Amendment Bivens remedy outside of the narrow Carlson context. Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Ninth Circuit has also not extended an Eighth Amendment Bivens remedy outside of the Carlson context. See Hoffman v. Preston, No. 20-15396, 2022 WL 6685254 (9th Cir. Oct. 11, 2022); see also Mejia v. Miller, No. 21-56282, 2022 WL 16911857 (9th Cir. Nov. 14, 2022) (failure to recognize Fourth Amendment excessive force Bivens remedy). In addition, this Court has likewise refused to recognize an Eighth Amendment Bivens remedy outside of the Carlson context including specifically for alleged sexual assault as Plaintiff claims here. Carthen v. Scott, No. 1:19-CV-00227-ADA-EPG (PC), 2023 WL 346675, at *6 (E.D. Cal. Jan. 20, 2023) (Plaintiff's Eighth Amendment claim regarding improper pat down and sexual assault presents a new Bivens context); see also Smith v. Kendryna, No. 2:20-cv-2417 KJN P, 2021 WL 1425273, at *2 (E.D. Cal. Apr. 15, 2021), report and recommendation adopted, 2021 WL 2227268 (E.D. Cal. June 2, 2021) (holding that a prisoner's sexual harassment claim presented a new context); Schwarz v. Meinberg, 761 F. App'x 732, 734 (9th Cir. 2019) ("Schwarz's Eighth Amendment claim regarding unsanitary cell conditions presents a new Bivens context because Schwarz does not allege a failure to treat a serious medical condition, which was the issue in Carlson, 446 U.S. at 16, 100 S. Ct. 1468.").[1]

///

---

[1] Furthermore, several other district courts have similarly declined to find an Eighth Amendment Bivens remedy outside of the Carlson context. See Silva v. United States, 45 F.4th 1134 (10th Cir. 2022); Baldwin v. Hutson, No. 6:19-cv-151, 2022 WL 4715551 (E.D. Ky. Sept. 30, 2022); Morel v. Dep't of Justice, No. 7:22-015, 2022 WL 4125070 (E.D. Ky. Sept. 9, 2022); Bivens v. Blaike, No. 21-cv-00783, 2022 WL 2158984 (D. Colo. June 15, 2022); Edwards v. Gizzi, No. 20-cv-7371, 2022 WL 309393 (S.D.N.Y. Feb. 2, 2022); Gonzalez v. Hasty, 269 F.Supp.3d 45 (E.D.N.Y. 2017).

Plaintiff's excessive force and sexual assault claims differ materially from the medical deliberate indifference claim raised in Carlson, and it therefore arises in a different context than a previously-recognized Bivens action, which would expand the Bivens decision.  See, e.g., Silva, 45 F.4th at 1137 ("The distinction between an excessive force claim … and a deliberate indifference to medical needs claim … is sufficient to conclude that Plaintiff's claim would require an expansion of Bivens to move forward even though it originates under the Eighth Amendment."); Ziglar, 582 U.S. at 147-49 ("[E]ven a modest extension is still an extension" and [g]iven [the Supreme] Court's expressed caution about extending the Bivens remedy … the new-context inquiry is easily satisfied.").

### b.      Special Factors Preclude Creating a New Bivens Cause of Action

If a claim presents a new Bivens context, "[t]he second step requires courts to consider whether special factors counsel hesitation in recognizing a Bivens remedy in a new context." Egbert, 142 S. Ct. at 1815 (citing Ziglar, 582 U.S. at 138). The Court "has not defined the phrase 'special factors counselling hesitation,' but it recognized that the 'inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed.'" Egbert, 142 S. Ct. at 1815 (citing Ziglar, 582 U.S. at 136-37).

#### 1)      Congressional Action Counsels Against Recognizing a Bivens Remedy

Congress has been active with legislation in the area of prisoners and in relation to sexual assault against prisoners, but it has not created an individual cause of action against prison guards. More specifically, to address the issue of sexual assault in a prison setting, Congress enacted the Prison Rape Elimination Act in 2003.  See 34 U.S.C. §§ 30301 et seq.  The PREA clearly applies to allegations such as Plaintiff's here.  For instance, PREA regulations define "sexual abuse of an inmate" to include, among other things, "[a]ny … intentional contact, either directly or through the clothing, of or with the genitalia … that is unrelated to official duties or where the staff member … has the intent to abuse, arouse, or gratify sexual desire." 28 C.F.R. § 115.6.  The same regulation also defines "sexual harassment" as "[r]epeated verbal comments or gestures of a sexual nature to an inmate … by a staff member … including demeaning references to gender, sexually suggestive

or derogatory comments about body or clothing, or obscene language or gestures." Id.

Although the PREA was implemented to "increase the accountability of prison officials" and "protect the Eighth Amendment rights of … prisoners," it did not create a right of action against prison officials. See, e.g., Khouanmany v. U.S. Marshals, No. 2:17-cv-1326-TLN-EFB P, 2019 WL 1400103, at *3 (E.D. Cal. Mar. 28, 2019) (citing cases). Rather, the PREA instructed the Attorney General to develop and promulgate national standards for preventing, investigating, and punishing prison rape and sexual assault. 34 U.S.C. § 30307.

In addition, Congress "addressed the question of prisoners' remedies in the Prison Litigation Reform Act of 1995" and omitted a damages remedy, Buenrostro v. Fajardo, 770 F. App'x 807, 808 (9th Cir. 2019), which suggests that "Congress might doubt the efficacy or necessity of a damages remedy" against federal jailers, Abbasi, 582 U.S. at 137. Quite the contrary, the purpose of the Prison Litigation Reform Act (PLRA) was to "revive the hands-off doctrine' and restore "judicial quiescence derived from federalism and separation of powers concerns' to remove the judiciary from prison management." Alvarez v. Larose, 445 F.Supp.3d 861, 867 (S.D. Cal. May 9, 2020) (quoting Gilmore v. California, 220 F.3d 987, 991 , 996-97 (9th Cir. 2000)). Thus, the failure of Congress to create an individual cause of action in the PLRA and PREA, is a valid reason for the Court to hesitate before creating one here.

2) Alternative Remedial Schemes are Available

"[A] court may not fashion a Bivens remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" Egbert, 142 S. Ct. at 1804 (quoting Ziglar, 582 U.S. at 137). "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new Bivens cause of action.'" Egbert, 142 S.Ct. at 1804 (quoting Ziglar, 582 U.S. at 137) (When an alternative remedial scheme to address a problem exists, "that alone may limit the power of the Judiciary to infer a new Bivens cause of action."). It does not matter that "existing remedies do not provide complete relief" or that "a wrong … would otherwise go underdressed." Id. (quoting Bush v. Lucas, 462 U.S. 367, 368, 388 (1983)). Nor must the remedy afford the plaintiff a right to "participate" or a "right to judicial review of an adverse determination," Egbert, 142 S. Ct. at 1806, or provide

7

monetary relief, Schweiker v. Chilicky, 487 U.S. 412, 421–22 (1988); Chappell v. Wallace, 462 U.S. 296, 304 (1983); W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116, 1120 (9th Cir. 2009); Berry v. Hollander, 925 F.2d 311, 314 (9th Cir. 1991). "Bivens 'is concerned solely with deterring the unconstitutional acts of individual officers'—i.e., the focus is whether the Government has put in place safeguards to 'prevent' constitutional violations 'from recurring.'" Egbert, 142 S.Ct. at 1806 (quoting Malesko, 534 U.S. at 71, 74). "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a Bivens remedy. Id. That is true even if a court independently concludes that the Government's procedures are 'not as effective as an individual damages remedy.'" Id. at 1807 (quoting Bush, 462 U.S. at 372).

Federal prisoners have alternative remedies available to them, including the PREA, the Federal Tort Claims Act (FTCA) and the Bureau of Prison's administrative grievance process. See 28 U.S.C. §§ 1346(b)(1), 2674 (allowing an inmate to seek money damages for personal injuries and property claims arising out of a federal employee's negligence or wrongful conduct); 31 U.S.C. § 3724(a) (allowing the Attorney General to settle claims for personal injuries and damages or lost personal property caused by federal law enforcement); 28 C.F.R. § 542.10(a) (establishing administrative-grievance procedure for "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement").

The PREA includes a remedial structure which provides inmates access to confidential support services, 28 C.F.R. § 115.53, specifications for investigating allegations of sexual abuse and reporting the findings to the reporting inmate, C.F.R. § 115.71 & 115.73, and disciplinary sanctions for staff for violating sexual abuse or sexual harassment policies, C.F.R. § 115.76. Thus, PREA provides an alternative remedial structure to Plaintiff's sexual assault claims.

In addition, all inmates have inmates have access to the Bureau of Prisons' administrative remedy program, which provides a method for prisoners to resolve issues relating to their conditions of confinement and staff behavior. See 28 C.F.R. Part 542; see also Malesko, 534 U.S. at 74 (recognizing inmate administrative grievance program as a special factor counseling hesitation against creating new Bivens remedy). The type of behavior at issue here–allegedly

physical and sexual assault–is precisely the type of behavior that the administrative grievance procedure is well-positioned to address.

The PLRA provides an additional remedial scheme for Plaintiff's claims. 42 U.S.C. § 1997e. When Congress enacted the PLRA it "had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs." Ziglar, 582 U.S. at 148. The PLRA does not, however, provide a standalone damages remedy against federal prison guards. The absence of that damages remedy in the PLRA may "suggest Congress chose not to extend the Carlson damage remedy to cases involving other types of prisoner mistreatment." Id.

Finally, the FTCA provides another remedial scheme under 28 U.S.C. §§ 1346(b), 2671-2680. See Oliva v. Nivar, 973 F.3d 438, 444 (5th Cir. 2020) (concluding that availability of claim under FTCA was a "special factor" counseling against extending Bivens, even though it would not provide the exact same relief as Bivens); McGurk v. Jusino, No. 5:22-cv-00529, 2022 WL 17080128 (C.D. Cal. Aug. 22, 2022). The FTCA is another alternative remedial structure potentially available to Plaintiff, which should preclude this court "fashion[ing] a Bivens remedy." Egbert, 142 S. Ct. at 1804 (citing Ziglar, 582 U.S. at 137).

Contrary to Plaintiff's contention, this complaint was expressly filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, and the United States is not named as a Defendant. (ECF No. 1 at 1); see Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) (concluding that "because the United States is the only proper party defendant in an FTCA action," district court correctly dismissed FTCA claims against federal agency and individual defendant named in official capacity). In addition, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. Gillispie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Plaintiff fails to allege in his complaint that he presented a claim to the appropriate federal agency. Further, Plaintiff alleges only constitutional violations in his complaint. Hernandez v. United States, 939 F.3d 191, 205 (2d

Cir. 2019) ("The FTCA 'has not waived the Government's sovereign immunity with respect to claims that its employees have committed constitutional torts' under the federal constitution." (quoting Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994)). Accordingly, Plaintiff cannot proceed with this action under the FTCA.

3) <u>Unwarranted Judicial Interference in Prison Administration</u>

"[T]he decision to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide," Ziglar, 582 U.S. at 136, and "entails substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties,'" Egbert, 142 S. Ct. at 1807 (quoting Anderson v. Creighton, 483 U.S. 635, 638 (1987)). In light of these considerations and costs, Egbert held that "'Congress is in a better position to decide whether or not the public interest would be served' by imposing a damages action." Id. (quoting Bush, 462 U.S. at 390).

Extending a Bivens remedy in this action risks interference with prison administration. The Supreme Court has acknowledged that "'[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of the government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint." Turner v. Safley, 482 U.S. 78, 84-85 (1987). Here, to inject the judicial system into micro-managing the administration of the prison would cause an undue interference by the judiciary of the day-to-day management of incidents involved in federal prisons. Thus, reasons exist to find that Congress is better equipped to create a damages remedy and an adequate administrative remedy exists.

4) <u>Effect on Government Operations</u>

Extending Bivens to Plaintiff's claims would undoubtedly substantially affect government operations and unduly burden Bureau of Prisons officials by having to defend against such claims in their personal capacities. See, e.g., Schwarz v. Meinberg, 761 F. App'x 732, 735 (9th Cir. 2019) (declining to extend Bivens remedies because it would substantially affect operations and unduly burden prison officials who must defend against the suit in their personal capacities); see also

10

1  Anderson v. Creighton, 483 U.S. 635, 638 (1987) ("[P]ermitting damages suits against government
2  officials can entail substantial social costs, including the risk that fear of personal monetary liability
3  and harassing litigation will unduly inhibit officials in the discharge of their duties.). Nevertheless,
4  as the Supreme Court stated, "[e]ven in a particular case, a court likely cannot predict the
5  'systemwide' consequences of recognizing a cause of action under Bivens. That uncertainty alone
6  is a special factor that forecloses relief." Egbert, 142 S. Ct. at 1803–04. Thus, any doubt prevents
7  this Court from predicting the systemwide consequences in this situation.

### D. Plaintiff's Motion to Amend

After Defendants' filed the instant motion, Plaintiff filed a motion to amend the complaint.

Pursuant to the Court's screening order, this action is proceeding on Plaintiff's excessive force and sexual assault claims, and the retaliation claim was dismissed. (ECF No. 11.) Plaintiff previously sought to amend the complaint to add a prayer for relief in which the Court denied without prejudice, and advised Plaintiff that any amendment to the complaint "may only include a restatement of Plaintiff's excessive for allegations against Defendants Zaragoza, Cox, Runmos, Jr., Gunn, Mendez, Mejia, sexual assault claim against Defendant Mejia, and an amended prayer for relief." (ECF No. 35 at 2.)

Where, as here, Plaintiff seeks to amend his or her complaint more than 21 days after service of a Rule 12(b)(6) motion, amendment is permitted only with the opposing party's written consent or leave of court. Although "leave to amend shall be freely given when justice so requires", courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). These factors do not carry equal weight and prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

The Court has reviewed the motion and Plaintiff is simply attempting to reinstate the non-cognizable retaliation claim and reiterate the allegations as to his excessive force and sexual assault claims. (ECF No. 47.) As a result of instant recommendation, Plaintiff's motion to

amend the complaint is denied as it does not address nor present claims that would be allowed to proceed by way of Bivens. Egbert v. Boule, 142 S.Ct. 1793. The amendment would be futile.

### III.

### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss be granted;

2. Plaintiff's motion to amend the complaint be denied; and

3. The action be dismissed for failure to state a cognizable claim for relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 19, 2023**

UNITED STATES MAGISTRATE JUDGE